**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| THOM BESSO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-00906-P |
| | § | |
| KEYCITY CAPITAL LLC AND | § | |
| TIE LASATER, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.    Nature of the Action

1.    Defendants admit that Plaintiff filed a lawsuit for alleged violations of the FLSA and defamation and deny the remaining allegations and inferences in this paragraph.

2.    Defendants admit that Plaintiff was an exempt employee at KeyCity from November 1, 2021 to October 26, 2022, and deny the remaining allegations and inferences in this paragraph.

3.    Defendants admit the allegations in this paragraph.

4.    Defendants deny that Plaintiff was a KeyCity employee pursuant to the FLSA at all relevant times.

5.    Defendants deny that Plaintiff was misclassified as a 1099 contractor, deny that Besso routinely worked in excess of 40 hours per workweek, and admit that Plaintiff was not paid an overtime premium because Plaintiff did not work overtime. In fact, Plaintiff worked approximately two days per week during the time he was a 1099 contractor.

6.    Defendants are not required to admit or deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 1

28153111v1 31010.016.00

7.      Defendants lack sufficient information to form a belief as to when Besso learned that his prostate cancer had relapsed, what the treatment plan was, when he completed it, or if and when Besso's cancer went into remission.  Defendants deny that "Defendants' healthcare brokers" informed Defendant Lasater that his or KeyCity's premiums would be increasing.  Defendants deny that any senior management were told about healthcare premiums increasing from the health care brokers or in September 2022.

8.      Defendants admit that Lasater terminated Plaintiff's employment from KeyCity on or about October 26, 2022.  Defendants deny that Lasater provided two baseless or defamatory reasons that were demonstrably false pertaining to Plaintiff's termination.  Defendants deny that Plaintiff adamantly or properly refuted either reason.  Defendants deny that they published any utterly false or defamatory statements to any third parties.  Defendants deny that Besso put Defendants on notice that he believed his termination was discriminatory or based on his age or disability, and Defendants deny threatening to sue Besso in retaliation if he took action on his discrimination claims.

9.      Defendants are not required to admit or deny the allegations in this paragraph.

## II.      Parties

10.     Defendants lack sufficient information to admit or deny the allegation in this paragraph.

11.     Defendants admit the allegations in this paragraph except that Defendants deny that Mr. Besso personally worked for Lasater at any time.

12.     Defendants deny that Plaintiff was a covered employee within the meaning of the FLSA during any period of time that Plaintiff worked for KeyCity.

13.     Defendants admit the allegations in this paragraph.

14.     Defendants lack sufficient information to admit or deny the allegation in this paragraph because Defendants are unable to discern what Plaintiff means by "at all relevant times."

15.     Defendants admit that KeyCity is an "enterprise engaged in commerce."

16.     Defendants admit the allegations in this paragraph.

17.     Defendants admit the allegations in this paragraph.

18.     Defendants deny that KeyCity had any "sales" and Defendants lack sufficient information to admit or deny that KeyCity has "business volume" in excess of $500,000 because Defendants do not have "sales" and Defendants are unable to discern what Plaintiff means by "business volume" nor is "business volume" defined in the FLSA.

19.     Defendants deny that they employed Plaintiff within the meaning of the FLSA because, *inter alia*, Plaintiff is not covered under the FLSA.

20.     Defendants admit the allegations in this paragraph.

### III.     Jurisdiction and Venue

21.     Defendants admit that this Court has subject matter jurisdiction over Plaintiff's FLSA claim but deny that this Court has subject matter jurisdiction over Plaintiff's defamation claim.

22.     Defendants deny that this Court has supplemental jurisdiction over Plaintiff's state law claim because that claim and the FLSA claim do not arise out of the same nucleus of operative facts, nor do they form a single case or controversy aside from Plaintiff erroneously filing the state law claim in this FLSA lawsuit.

23.     Defendants admit that this Court may exercise personal jurisdiction over Defendants.

24.    Defendants admit that venue is proper for Plaintiff's FLSA claim but deny that this is the proper venue for Plaintiff's state law claim.

### IV.    Factual Allegations

25.    Defendants admit the allegations in this paragraph.

26.    Defendants admit the allegations in this paragraph.

27.    Defendants admit that Plaintiff was hired as a consultant for KeyCity on or about September 1, 2020, and lack sufficient information to form a belief as to whether Plaintiff had successfully been running his own recruiting practice for 23 years prior to September 1, 2020.

28.    Defendants deny that this allegation encompasses the full realm of Plaintiff's essential job duties and deny any inference that Plaintiff's job duties did not change at all during the time he was a 1099 independent contractor than when he was made a W-2 exempt employee.

29.    Defendants deny that KeyCity improperly classified Plaintiff as a 1099 independent contractor.

30.    Defendants admit that Plaintiff's status changed from 1099 independent contractor to W-2 exempt employee on or about November 1, 2021, but deny that there was no corresponding change in Plaintiff's primary job duties or method of pay relative to those changes.  Defendants admit that Plaintiff called himself Chief Talent Officer.

31.    Defendants deny that Plaintiff's job duties as a W-2 exempt employee were the same exact job duties he had as an independent contractor and Defendants admit that Plaintiff's job duties included recruiting, hiring, and training employees.

32.    Defendants deny the allegations in this paragraph because Plaintiff is exempted from FLSA protections.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 4

33.     Defendants deny the allegations in this paragraph because KeyCity did not exercise control over when and how Plaintiff performed his work.

34.     Defendants deny that KeyCity dictated the days Plaintiff had to work and admit that Defendants controlled his payment rate.

35.     Defendants deny that KeyCity controlled all the significant or meaningful aspects of the job duties performed by Mr. Besso because KeyCity did not recruit, hire, or train the employees Plaintiff alleges he recruited, hired, or trained.

36.     Defendants deny that KeyCity exercised control over the location where Mr. Besso worked.  Indeed, Mr. Besso was free to work remotely but chose to work at the KeyCity offices on his own accord.  Defendants admit that KeyCity required Besso to attend company meetings and calls, deny that Besso was required to work in the office on any certain day, and deny that KeyCity required Plaintiff to travel to KeyCity's operating units in multiple states.

37.     Defendants deny that KeyCity dictated when, where, or how Plaintiff performed his job duties.  Instead, Defendants told Plaintiff what staffing needs they had, and Plaintiff performed the staffing when, where, and how he chose.

38.     Defendants deny that KeyCity required Plaintiff to render his services personally and could not outsource the work to others.

39.     Defendants deny that KeyCity controlled Plaintiff's pay rate while he was an independent contractor.  Defendants admit that KeyCity controlled Plaintiff's pay rate when Plaintiff was a W-2 exempt employee.

40.     Defendants admit that Plaintiff was paid at regular intervals, deny that Plaintiff was paid by the job, and admit that Plaintiff was paid regularly without having to place a candidate

because, upon commencing work for Defendants, Plaintiff requested that he be paid a monthly retainer rather than by the job.

41.    Defendants deny that Plaintiff was economically dependent on KeyCity as Plaintiff alleges he averaged $350,000-$400,000 in recruiting fees prior to joining KeyCity (Compl. ¶ 55) and that he was initially paid $2,500 per month ($30,000 annually) by KeyCity (*id.* at ¶ 49) and thus it is highly improbable that Plaintiff was "economically dependent" on KeyCity because no reasonable person would give up $350,000-$400,000 in recruiting fees per year to take a job for $30,000 per year where that was the person's only income.

42.    Defendants admit that KeyCity set Plaintiff's pay, deny that they controlled his work schedule, and deny that they prevented Plaintiff from working other jobs for other companies in any way.  Defendants deny that Plaintiff was financially reliant on the work he performed by KeyCity as Plaintiff averaged $350,000-$400,000 ($8,625,000) in recruiting fees for 23 years prior to joining KeyCity.

43.    Defendants deny that KeyCity directly determined Plaintiff's opportunity for profit and loss.

44.    Defendants lack sufficient information to form a belief as to whether a "real investment" is required from Plaintiff to perform his job.

45.    Defendants deny that Plaintiff was required to do anything and admits that KeyCity reimbursed Plaintiff's travel expenses.

46.    Defendants deny that Plaintiff was not engaged on a project-by-project basis as Defendants would communicate their hiring needs and Plaintiff would recruit and hire new employees on a project-by-project basis.

28153111v1 31010.016.00

47.     Defendants deny that Plaintiff's services were integral to KeyCity's business as KeyCity terminated Plaintiff nearly a year ago and his services have not been replaced or missed.

48.     Defendants admit the allegations in this paragraph.

49.     Defendants deny that Plaintiff routinely worked over 40 hours per workweek at any point in time, deny that Plaintiff generally worked six days a week, deny that Plaintiff's shift consisted of 10-12 hours per day or 8-9 hours per day or 4-5 hours per weekend.

50.     Defendants deny that Plaintiff ever worked in excess of forty hours a week and Defendants deny that KeyCity's pay practices violate the overtime wage provisions of the FLSA. Defendants admit that Plaintiff was paid an initial flat rate retainer of $2,500 per month, which increased to $3,500 per month in February 2021 and $5,000 per month in April 2021.

51.     Defendants deny that Plaintiff was an employee under the FLSA when KeyCity labeled him as a 1099 worker/independent contractor.

52.     Defendants deny that KeyCity knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of misclassifying and failing to pay overtime compensation with respect to Plaintiff.

53.     Defendants are not required to admit or deny the allegation in this paragraph.

54.     Defendants deny that KeyCity failed to maintain accurate and sufficient time records.

55.     Defendants admit the allegations in this paragraph.

56.     Defendants lack sufficient information or knowledge to form a belief about the allegations in this paragraph.

57.     Defendants deny that Plaintiff was ever made a limited partner of KeyCity. Defendants admit that Plaintiff called himself Chief Talent Officer for "authority purposes" once

an W-2 exempt employee.  Plaintiff was hired as Director of Human Resources and used the title Chief of Staff.

58.    Defendants deny that Plaintiff was continuously a top-performing employee, deny that Plaintiff had never been written up, deny that Plaintiff never received a bad review, and deny that Plaintiff never received any type of disciplinary action as he was terminated from KeyCity. Plaintiff was also reprimanded by Tie Lasater and Leigh Archer because Plaintiff insisted on training new hires when that was not part of his job duties.

59.    Defendants lack sufficient information or knowledge to form a belief about the allegations in this paragraph.

60.    Defendants deny that Plaintiff informed KeyCity that he had been diagnosed with recurring prostate cancer in April 2022.  Plaintiff told Meliea Ware, who he told not to disclose such information to anyone, and Defendants did not become aware of this until after the instant suit was filed.

61.    Defendants admit that from April 2022 through July 2022, Plaintiff notified them of his prior cancer treatments.  Defendants deny that Plaintiff notified them of his recurring cancer or recurring treatments at that time.

62.    Defendants deny the allegations in this paragraph.

63.    Defendants admit that a ranking report of KeyCity personnel was presented at the management event but deny that "partners" were ranked as the executive team, including Plaintiff, were not ranked.  Defendants deny that the ranking report ranked KeyCity personnel in five categories.  Defendants deny that Plaintiff was ranked in tier one because Plaintiff was not ranked.

64.    Defendants deny that Lasater sent Besso a newly updated ranking report on September 18, 2022, and deny that Besso was ever ranked.

65.    Defendants admit that Plaintiff unilaterally injected himself in KeyCity's healthcare renewal process. Defendants deny that KeyCity received notification from its insurance providing that its healthcare premiums would significantly increase, at least in part, because of Plaintiff's cancer treatments. Health insurance companies do not disclose the name of the employees who receive medical treatment. Defendants admit that Abbey Haas and Plaintiff received notification of the increased premiums, but senior management was never made aware of this. Defendants deny that any senior management ever confirmed that its health insurance premiums would increase by 29%. Defendants further deny any inference that Plaintiff was terminated due to the increased healthcare costs because Defendants would have incurred those costs whether Plaintiff continued to be employed or not since it a 2-year trailing coverage period.

66.    Defendants lack sufficient information or knowledge to form a belief as to what Plaintiff planned to do. However, as CEO, Lasater would have denied allowing Plaintiff from presenting the healthcare renewal at the partner retreat because healthcare had never been a talking point at any prior manager meeting. Defendants admit that Lasater informed Besso of his termination employment on or about October 26, 2022. Defendants deny that Lasater confirmed healthcare renewal prices at any time.

67.    Defendants admit that Lasater told Plaintiff he was being terminated in part for wearing his underwear in public at the retreat around KeyCity personnel and hotel staff, the latter of which raised a concern about it with KeyCity personnel, and Defendants deny that it was baseless, defamatory, or utterly false. In addition to Plaintiff's inappropriate behavior at the retreat, Lasater also told Plaintiff he was being terminated for overcharging his expense account on multiple occasions, making inappropriate comments in a business setting in Memphis, botching a

key employee's onboarding and travel, lack of trust by the management team, and Plaintiff's issues with Meliea Ware.

68.     Defendants deny that Plaintiff adamantly and properly refuted the statement, which Defendants deny was false or defamatory.  Defendants deny Lasater retracted the statement. Defendants admit that Lasater told Plaintiff he was being fired in part because of his business expenses, which Defendants deny is verifiably false.

69.     Defendants deny the allegations in this paragraph.

70.     Defendants deny that they have published any false or defamatory statements to any third party after the October 26, 2022, interaction.  Defendants deny that Plaintiff became aware of Defendants' publication of the defamatory statements on or around March 2023 because Defendants published no false or defamatory statements about Plaintiff.

71.     Defendants deny that any defamatory or false statements were published by Defendants and further deny that any of the statements contained in paragraph 70(a)-(c) are false or defamatory.

72.     Defendants deny that any alleged statement relating to Plaintiff's inappropriate clothing or incurring excessive business expenses accuse Plaintiff of lacking any skill necessary to his profession and Defendants deny that any of the alleged statements accuse Plaintiff of engaging in sexual misconduct.  In fact, alleging that Defendants accused Plaintiff of sexual misconduct is defamation per se.  Defendants also deny that the alleged statement relating to Besso's performance is defamatory or defamation per se, Defendants deny that the statements are false, and Defendants deny that the alleged statements were made to diminish and injure Plaintiff's reputation.

73.     Defendants deny that any alleged statements have irreparably harmed Plaintiff's professional standing.  Defendants deny that the alleged statements were in an effort to defame Plaintiff and deny that the alleged statements are defamatory.  Defendants deny that they knew the alleged statements were false, deny that the alleged statements are false, and deny that Defendants showed a reckless disregard for the truth of the alleged statements or the professional impact it would have on Plaintiff's professional standing.

74.     Defendants deny the allegations in this paragraph.

75.     Defendants lack sufficient information or knowledge to form a belief as to whom has contacted Plaintiff since his departure from KeyCity and as to whom Plaintiff maintains continuing professional relationships.

76.     Defendants lack sufficient information or knowledge to form a belief as to what Plaintiff averaged in annual recruiting fees prior to his employment at KeyCity but would note that no reasonable person would ever forego the amounts alleged to start new employment at a company offering him $2,500/month.  Defendants deny that any action on their part have caused Plaintiff to lose income from recruiting fees and would suggest that the decrease in recruiting fees was caused by Plaintiff's own decision to cease operating his own recruiting business.  Defendants further deny that any defamatory statements were made regarding Plaintiff.

77.     Defendants do not have to respond to the first sentence in this paragraph. Defendants lack sufficient information or knowledge to form a belief as to what Plaintiff is aware. Defendants deny they have knowledge of each conversation, publication, and distribution of any false statements because Defendants made no false statements.

78.     Defendants deny that any defamatory statements were made.  Defendants admit that KeyCity wanted to separate from Besso and offered him a severance package.

79.    Defendants admit Besso's lawyer sent correspondence to Defendant KeyCity on or about December 2, 2022 and deny that KeyCity ever threatened to pursue baseless claims against Besso.

80.    Defendants admit the allegations in this paragraph.

### V.    Conditions Precedent

81.    Defendants deny that all conditions precedent have been performed, have occurred, or have been waived or excused.

### VI.    Causes of Action

82.    Defendants are not required to admit or deny the allegations in this paragraph.

83.    Defendants admit the allegations in this paragraph.

84.    Defendants admit that certain provisions of 29 U.S.C. §§ 201, *et seq.,* require the payment of overtime compensation to eligible employees who work in excess of 40 hours per workweek apply to KeyCity under certain circumstances.

85.    Defendants deny the allegations in this paragraph.

86.    Defendants deny the allegations in this paragraph.

87.    Defendants admit that KeyCity was an "employer" of Mr. Besso within the meaning of the FLSA, 29 U.S.C § 203(d), during some of the time he performed services for KeyCity but not during the time when he was classified as an independent contractor.

88.    Defendants admit that Besso was an exempt "employee" of KeyCity within the meaning of 29 U.S.C. §§ 203(e) and 207(a), during some of the time he performed services for KeyCity but not during the time when he was classified as an independent contractor.  Defendants deny that Besso was misclassified at any time by KeyCity when Besso was labeled as a 1099 worker/independent contractor by KeyCity.

89.    Defendants admit that KeyCity did not pay Besso the applicable overtime wage, but denies he was ever entitled to overtime compensation while he performed services for Key City and denies that KeyCity violated any aspect of the FLSA.

90.    Defendants deny the allegations in this paragraph.

91.    Defendants deny the allegations in this paragraph.

92.    Defendants deny the allegations in this paragraph.

93.    Defendants are not required to respond to the allegations in this paragraph.

94.    Defendants admit the allegations in this paragraph.

95.    Defendants deny the allegations that the "FLSA generally requires 'employers' to pay their employees overtime for workweeks longer than forty hours." Defendants admit that FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

96.    Defendants are not required to admit or deny the allegations in this paragraph.

97.    Defendants are not required to admit or deny the allegations in this paragraph.

98.    Defendants admit that Lasater is a founding partner and the CEO of KeyCity and possessed the power to hire and fire employees.  Defendants deny all other allegations in this paragraph.

99.    Defendants are not required to admit or deny the allegations in this paragraph.

100.    Defendants admit that it employs fifteen employees, is an employer within the meaning of the ADA, and that the ADA prohibits any employer from discriminating against a qualified individual.

101.    Defendants admit that KeyCity employed Besso.  Defendants lack sufficient information or knowledge to form a belief as to whether Besso is disabled or regarded as disabled.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 13

28153111v1 31010.016.00

102.    Defendants deny Besso was qualified for the job at KeyCity.  Defendants deny Besso was never subject to disciplinary action or poor performance reviews as he was terminated for expressly those items.  Defendants deny that KeyCity never had issues with Besso prior to the healthcare renewal and deny that the healthcare renewal had anything to do with Besso's termination.

103.    Defendants deny the allegations in this paragraph.

104.    Defendants admit the allegations in this paragraph.

105.    Defendants deny the allegations in this paragraph.

106.    Defendants deny the allegations in this paragraph.

107.    Defendants are not required to admit or deny the allegations in this paragraph.

108.    Defendants are not required to admit or deny the allegations in this paragraph.

109.    Defendants admit the allegations in this paragraph.

110.    Defendants deny the allegations in this paragraph.

111.    Defendants admit the allegations in this paragraph.

112.    Defendants deny the allegations in this paragraph.

113.    Defendants admit the allegations in this paragraph.

114.    Defendants deny the allegations in this paragraph.

115.    Defendants deny the allegations in this paragraph.

116.    Defendants are not required to respond to the allegations in this paragraph.

117.    Defendants deny the allegations in this paragraph.

118.    Defendants deny the allegations in this paragraph.

119.    Defendants deny the allegations in this paragraph.

120.    Defendants deny the allegations in this paragraph.

121.    Defendants are not required to admit or deny the allegations in this paragraph.

122.    Defendants admit the allegations in this paragraph.

123.    Defendants deny the allegations in this paragraph.

124.    Defendants deny the allegations in this paragraph.

125.    Defendants deny that any statements were published by any Defendants and deny that the statements directly and/or indirectly referred to Plaintiff because the statements were not published.

126.    Defendants deny the allegations in this paragraph.

127.    Defendants deny the allegations in this paragraph.

128.    Defendants deny the allegations in this paragraph.

129.    Defendants deny the allegations in this paragraph.

130.    Defendants deny the allegations in this paragraph.

131.    Defendants deny the allegations in this paragraph.

132.    Defendants deny the allegations in this paragraph.

133.    Defendants deny the allegations in this paragraph.

134.    Defendants deny the allegations in this paragraph.

135.    Defendants deny the allegations in this paragraph and deny that Besso is entitled to any of the relief sought in this paragraph.

136.    Defendants are not required to admit or deny the allegations in this paragraph.

### Prayer for Relief

137.    Defendants are not required to respond to this paragraph but deny that Plaintiff is entitled to any of the relief sought.

**Affirmative Defenses to Claim of Defamation**

**FIRST DEFENSE**

1.      Plaintiff fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2.      Plaintiff was an at-will employee.

**THIRD DEFENSE**

3.      Any statements made by either Defendant were true or substantially true.

**FOURTH DEFENSE**

4.      Any statement made by either Defendant was an opinion, and not an assertion of fact.

**FIFTH DEFENSE**

5.      Any statement made by either Defendant was protected by absolute privilege and/or qualified privilege.

**SIXTH DEFENSE**

6.      Plaintiff consented to any alleged defamatory statement.

**SEVENTH DEFENSE**

7.      Any claims of defamation are barred by the one-year statute of limitations pursuant to Texas Civil Practice and Remedies Code Section 16.002.

**EIGHTH DEFENSE**

8.      If the Court or the jury determines that Plaintiff is entitled to an award of exemplary damages, any such award must be consistent with the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and Texas law.

**Affirmative Defenses to Claims Pursuant to the Fair Labor Standards Act**

**NINTH DEFENSE**

9.      Defendants deny that any of their acts or omissions were "willful" within the meaning of that term in 29 U.S.C. § 255(a) and, accordingly, allege that any purported claims or causes of action attempted to be asserted by Plaintiff under the Fair Labor Standards Act ("FLSA") that accrued more than two (2) years before this action was commenced are barred pursuant to 29 U.S.C. § 255(a).

**TENTH DEFENSE**

10.      Alternatively, any purported claims or causes of action attempted to be asserted by Plaintiff under the FLSA that accrued more than three (3) years before this action was commenced are barred pursuant to 29 U.S.C. § 255(a).

**ELEVENTH DEFENSE**

11.      Defendants deny that Tie Lasater is a proper party to this lawsuit, as Tie Lasater was not an employer with respect to Plaintiff.

**TWELFTH DEFENSE**

12.      Upon Plaintiff's hire as a W-2 employee, Plaintiff was an exempt employee under 29 U.S.C. § 213 and, as such, he was not entitled to overtime compensation under the FLSA after that date.  Even if Defendants misclassified Plaintiff as an independent contractor prior to hiring him as a W-2 employee (which they expressly deny), Plaintiff was still an exempt employee under 29 U.S.C. § 213.

**THIRTEENTH DEFENSE**

13.      Plaintiff's compensation was at all times in compliance with the overtime requirements of the FLSA, and Plaintiff's claims are barred in that Plaintiff has been paid all sums

due and owing to him from Defendant KeyCity.

## FOURTEENTH DEFENSE

14.    Defendants did not willfully refuse or fail to pay Plaintiff in violation of the FLSA; on the contrary, Plaintiff was paid in compliance with the FLSA.  At no time did Defendant's act to circumvent their obligations under the FLSA, if any.

## FIFTEENTH DEFENSE

15.    Alternatively, any time for which Plaintiff was not fully compensated, if any, was *de minimus* and not compensable time worked as a matter of law.

## SIXTEENTH DEFENSE

16.    Any of Plaintiff's preliminary or postliminary activities are not compensable time worked as a matter of law.

## SEVENTEENTH DEFENSE

17.    Plaintiff's claim under the FLSA is barred because any of Defendants' acts or omissions complained of were in good faith, in conformity with, and in reliance on a written administrative regulation, order, ruling, approval, or interpretation by the Administrator of the U.S. Department of Labor's Wage and Hour Division, or an administrative practice or enforcement policy of the Administrator of the U.S. Department of Labor's Wage and Hour Division, pursuant to 29 U.S.C. § 259.

## EIGHTEENTH DEFENSE

18.    To the extent that any of Defendants' acts or omission should be found unlawful under the FLSA, those actions were taken in good faith and based upon reasonable grounds for believing that the acts or omissions were not violations of the FLSA.  Accordingly, Plaintiff is not entitled to recover liquidated damages under the FLSA.

## NINETEENTH DEFENSE

19.    To the extent Plaintiff seeks injunctive or other equitable relief, Defendants plea the affirmative defenses of laches, waiver, and estoppel.

## TWENTIETH DEFENSE

20.    To the extent Plaintiff shows any violation of the FLSA, Defendants are entitled to a set-off for all compensation or funds paid to or procured by Plaintiff to which he had no entitlement.

21.    The Amended Complaint fails to state a claim upon which can be granted for disability discrimination under the Americans with Disabilities Act.

## TWENTY-FIRST DEFENSE

22.    The Amended Complaint fails to state a claim upon which relief may be granted for age discrimination under the Age Discrimination in Employment Act.

## TWENTY-SECOND DEFENSE

23.    Any claims attempted to be asserted by Plaintiff under the Americans with Disabilities Act and the Age Discrimination in Employment Act that arose prior to the prescribed statutory period for filing a charge of discrimination with the Equal Employment Opportunity Commission, ("EEOC") or as to which no timely administrative charge was filed with the EEOC, or that exceed the scope of his administrative charge, or as to which this lawsuit was not filed within 90 days of receipt of a communication from the EEOC authorizing a lawsuit to be filed, or as to which no such communication from the EEOC was received, are barred.

## TWENTY-THIRD DEFENSE

24.    Defendant's actions toward Plaintiff in each instance were taken in good faith, were for good and just cause, and were based on legitimate, nondiscriminatory business reasons and

were unrelated to any alleged disability he may have had, any disability he was allegedly regarded as having or his age.

### TWENTY-FOURTH DEFENSE

25.     If Plaintiff proves that a motivating factor for any adverse employment action against him was his alleged disability, and the Court finds that such proof would otherwise subject Defendant to liability, Defendant will show that it would have taken the same action even without consideration of the impermissible factor of his alleged disability.

### TWENTY-FIFTH DEFENSE

26.     Plaintiff's claims under the Americans with Disabilities Act and/or the Age Discrimination in Employment Act are barred to the extent that he did not exhaust his administrative remedies or satisfy the administrative prerequisites to bringing a judicial action under those statutes.

### TWENTY-SIXTH DEFENSE

27.     Plaintiff was not an individual with a "disability," as that term is defined in the Americans with Disabilities Act.

### TWENTY-SEVENTH DEFENSE

28.     At the time of the actions complained of in the Amended Complaint, Plaintiff was not a "qualified individual with a disability" or regarded as disabled, as those terms are defined in the Americans with Disabilities Act, and therefore was not protected from discrimination.

### TWENTY-EIGHTH DEFENSE

29.     At the time of the actions complained of in the Amended Complaint, Plaintiff was not a "qualified individual with a disability" as those terms are defined in the Americans with

Disabilities Act, and therefore was not entitled to a reasonable accommodation or to engage in the interactive process.

## TWENTY-NINTH DEFENSE

30.    To the extent that Plaintiff was a qualified individual with a disability, any accommodations for him would have posed an undue hardship on the operation of Defendant's business.

## THIRTIETH DEFENSE

31.    Plaintiff was an at-will employee.

## THIRTY-FIRST DEFENSE

32.    Any acts or omissions of Defendants found to violate the Americans with Disabilities Act and/or the Age Discrimination in Employment Act were in good faith and based upon reasonable grounds for believing that the acts or omissions were not unlawful and were without malice or reckless indifference to any of Plaintiff's federally protected rights.

## THIRTY-SECOND DEFENSE

33.    The Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff seeks to recover compensatory or punitive damages under the Americans with Disabilities Act because Plaintiff has failed to establish any legitimate basis for such relief.

## THIRTY-THIRD DEFENSE

34.    Defendants did not fail to accommodate any disability Plaintiff may have had or was regarded as having.

## THIRTY-FOURTH DEFENSE

35.    Defendants did not fail to engage in the interactive process.

**THIRTY-FIFTH DEFENSE**

36.     Plaintiff never requested an accommodation.

**THIRTY-SIXTH DEFENSE**

37.     The Amended Complaint fails to state a claim upon which relief can be granted for the alleged failure to engage in the interactive process or to provide a reasonable accommodation under the Age Discrimination in Employment Act because that statute does not require such actions.

**THIRTY-SEVENTH DEFENSE**

38.     The Amended Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff seeks to recover compensatory or punitive damages under the Age Discrimination in Employment Act because that statute does not provide for compensatory and punitive damages as a remedy for age discrimination and retaliation under that law.

**THIRTY-EIGHTH DEFENSE**

39.     In the event the Court or jury determines that Plaintiff is entitled to an award of compensatory or punitive damages under the Americans with Disabilities Act, any such award must be limited in accordance with the provisions of the Americans with Disabilities Act.

**THIRTY-NINTH DEFENSE**

40.     In the event the Court or jury determines that Plaintiff is entitled to an award of exemplary damages, any such award under Texas law must be consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution and be limited in accordance with TEX. CIV. PRAC. & REM. CODE §§ 41.007 and 41008.

28153111v1 31010.016.00

## FORTIETH DEFENSE

41.    In the event the Court or jury determines that Plaintiff is entitled to any of the damages sought in the Amended Complaint, Plaintiff's failure to mitigate his damages bars his recovery.

## FORTY-FIRST DEFENSE

42.    Plaintiff fails to state a claim upon which relief can be granted for unlawful retaliation under 42 U.S.C. § 2000e-3, because Plaintiff fails to allege that he engaged in any activity protected under Title VII of the Civil Rights Act.

## CLAIM FOR EXPENSES AND ATTORNEY'S FEES

43.    Plaintiff commenced this action under the Americans with Disabilities Act and the Age Discrimination in Employment without reasonable grounds to believe in the merits of his claim; and this action is frivolous, unreasonable, and groundless. Accordingly, upon dismissal of the action or judgment being entered in its favor, Defendants should be awarded the reasonable expenses, including attorney's fees, they necessarily and reasonably incurred in defending this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that, upon final hearing of this matter, the Court enter a take nothing judgment in favor of the Defendants denying Plaintiff's claims; that Plaintiff's causes of action be dismissed with prejudice; that Defendants be awarded their costs incurred in the defense of this matter, including reasonable attorneys' fees and out of pocket expenses; and that Defendants be awarded such other and further relief as may be appropriate.

Dated: November 30, 2023.                    Respectfully submitted,

                                             CONDON TOBIN SLADEK
                                             THORNTON NERENBERG PLLC

                                             /s/ Stuart L. Cochran
                                             Stuart L. Cochran
                                             Texas Bar No.: 24027936
                                             Blake E. Mattingly
                                             Texas Bar No.: 24104229
                                             8080 Park Lane, Suite 700
                                             Dallas, Texas 75231
                                             Telephone: (214) 265-3800
                                             Facsimile: (214) 691-6311
                                             scochran@condontobin.com
                                             bmattingly@condontobin.com

                                             AND

                                             STEINFIELD EMPLOYMENT LAW, PLLC
                                             Arlene Switzer Steinfield
                                             Texas Bar No.: 09820600
                                             11603 High Forest Drive
                                             Dallas, Texas 75230
                                             Telephone: (214) 893-0698
                                             arlene@steinfieldlaw.com

                                             **ATTORNEYS FOR DEFENDANTS KEYCITY
                                             CAPITAL LLC AND TIE LASATER**

                      **CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the foregoing document was served on all
attorneys of record in this cause of action *via* Electronic Notice on November 30, 2023, in
accordance with the Federal Rules of Civil Procedure.

                                             /s/ Stuart L. Cochran
                                             Stuart L. Cochran

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 24**

                                             28153111v1 31010.016.00