UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**THOM BESSO,**

   Plaintiff,

v.                                                         No. 4:23-cv-00906-P

**KEYCITY CAPITAL LLC, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, filed December 7, 2023. ECF No. 30. For the following reasons, the Court will **GRANT** Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint.

## BACKGROUND

Mr. Besso was employed at KeyCity beginning September 1, 2020, as a 1099 contractor. In November 2021, Besso's classification was then changed to a W-2 employee. Despite this change, his primary job duties and compensation remained the same.

In April 2022, Mr. Besso learned that his prostate cancer had relapsed, the treatment of which required a seven-week radiation treatment plan, which he completed in June 2022, and after which his cancer once again went into remission. In September 2022, Defendants' healthcare brokers informed them that their premiums would increase 29%, an increase the broker confirmed on October 20, 2022. Mr. Besso believes this is due to his expensive cancer treatment. On October 26, 2022, Mr. Besso's employment at KeyCity was terminated. Upon inquiring about the reason, Besso claims he was given two reasons which he finds baseless and defamatory, and the real reason is due to his age and disability.

Mr. Besso sued both KeyCity and their CEO, Tie Lasater in this Court on August 31, 2023, and amended his complaint on November 23,

2023, to bring claims of unpaid overtime compensation pursuant to the FLSA, damages for violations of the American with Disabilities Act and the Age Discrimination Employment Act, unlawful retaliation under 42 U.S.C. § 2000e-3, and defamatory statements.

In December 2023, Defendants filed two motions to dismiss, a motion to dismiss the retaliation claim and a motion to dismiss the defamation claim. The Parties fully briefed each Motion, and they are ripe for the Court's review. In this Memorandum Opinion, the Court takes up Defendants' Motion to Dismiss Besso's retaliation claim.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

Besso asserts a retaliation claim under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–3(a). Title VII states that it is "an

unlawful employment practice for an employer to discriminate against any of [its] employees ... because [the employee] has opposed any practice made an unlawful employment practice", or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. *Id.*; *see also Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001). Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a reasonable belief that the conduct he opposed violated Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

A prima facie retaliation claim under Title VII "requires that a plaintiff show that: (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 407–408 (5th Cir. 2021) (internal quotation omitted). In his Amended Complaint, Besso pleads that Defendants retaliated against his attorney-crafted letter, which stated the potential pursuit of legal remedies. *See* ECF No. 23 at 17–18. Besso claims that the responsive letter was a threat to file counterclaims against him. *Id.*

Defendants argue that Fifth Circuit precedent prevents Besso from bringing a Title VII retaliation claim predicated on Defendants threatening to file a counterclaim against him. *See* ECF No. 30 at 5. In response, Besso points to a Supreme Court holding that seemingly abrogates the case Defendants cite on the same grounds, and, under that standard, his retaliation claim is thus sufficiently supported by the pleadings. *See* ECF No. 38 at 12.

Therefore, the Court must first resolve whether the Fifth Circuit case Defendants cite (*Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528 (5th Cir. 2003)) is truly distinguished regarding retaliation claims by the case Besso cites (*Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)) before it can get to the merits of Besso's retaliation claim. The Court does so below.

3

### A. *Hernandez* is distinguished by *Burlington* N. regarding retaliation claims.

*Hernandez v. Crawford Bldg. Material Co.* concerned a terminated employee who sued his employer alleging violations of Title VII, Age Discrimination in Employment Act (ADEA), and a federal race discrimination statute. *Hernandez,* 321 F.3d at 529. Following the employer's filing of counterclaim for theft, the employee amended his complaint to add a retaliation claim based on the counterclaim. *Id.* After a jury verdict for the employee on the retaliation claim, the Fifth Circuit held that a counterclaim filed by an employer against a former employee in a Title VII or ADEA action cannot support a retaliation claim under those Acts. *Id.* at 532–533. Specifically, the Fifth Circuit said that:

> While there are no reported decisions from this circuit dealing directly with this question, we think it is clear that, given our strict interpretation of retaliation claims, an employer's filing of a counterclaim cannot support a retaliation claim in the Fifth Circuit. A counterclaim filed after the employee has already been discharged in no way resembles the ultimate employment decisions described in Section 2000e–2(a)(1).

*Id.*

Three years later, the United States Supreme Court heard and decided the case *Burlington N. and Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006). In *Burlington N.,* the plaintiff was the only women in a department at Burlington's railyard. *Id* at 57. After the plaintiff complained that her immediate supervisor had told her women should not be working in their department and made insulting comments to her, Burlington suspended her supervisor for ten days and ordered him to attend sexual harassment training. *Id.* at 58. The railyard's roadmaster told her about the discipline, but also removed her from forklift duty, explaining the decision reflected co-workers' complaints that a more senior man should have the less arduous job. *Id.* The plaintiff filed a discrimination and retaliation claim with the EEOC and was subsequently suspended based on a disputed claim of insubordination. *Id.* The plaintiff eventually filed a Title VII lawsuit and received a favorable jury verdict. *Id.* at 59. The Sixth Circuit upheld the judgment but disagreed as to what standard should be applied to a

4

retaliation claim of this sort. *Id.* In their holding resolving the matter, the Supreme Court broke from previous language that required there to be an "ultimate employment decision" and held that:

> An employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm outside the workplace…[and] such a limited construction would fail to fully achieve the antiretaliation provision's primary purpose, namely maintaining unfettered access to statutory remedial mechanisms.

*Id* at 63–64 (cleaned up).

Now, a plaintiff must show that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68.

This language differs from *Hernandez* in that the operative language in the Fifth Circuit's holding was that a counterclaim does not resemble an ultimate employment action. *Hernandez,* 321 F.3d at 533. Since an "ultimate employment action" is no longer the standard and courts should look to actions not directly related to a plaintiff's employment, the Court declines to apply *Hernandez* and instead will apply the standard in *Burlington N.* to determine the veracity of Besso's claim of retaliation under Title VII.

However, as explained below, even under the more gracious motion to dismiss standard, Besso is unable to plead a claim for retaliation under *Burlington N.*

### B. Defendants' "threat" of a counterclaim against Besso does not support a retaliation claim.

Turning back to establishing a prima facie case for retaliation, Besso must show that: (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Johnson*, 7 F.4th at 407–408.

As discussed above, an adverse employment action need not be an "ultimate employment decision" but rather an action that a reasonable

5

employee would have found materially adverse. *Burlington N.,* 548 U.S. at 63–64. Simply put, Defendants needed to take action that would dissuade a reasonable employee from filing a discrimination lawsuit.

As explained in his briefing, Besso believes Defendants' threat to file counterclaims constitutes such an adverse action. *See* ECF No. 38 at 14. The Court disagrees.

First off, the Court wants to make clear that no counterclaims have been filed in this matter. But rather, Besso's attorney received a letter from Defendants' attorney alerting Besso and his counsel that they *could* pursue counterclaims if a suit was filed. This is federal court; parties have the right to litigate their claims. The Court will not construe an attorney-drafted letter to another attorney as a retaliatory action with the intention of dissuading Besso from pursuing his discrimination claims. In fact, it would be quite concerning if Mr. Besso's counsel decided to not bring potentially meritorious claims against Defendants on the basis of receiving a notice that counterclaims might be pursued. It would be the Court's understanding that seasoned counsel, such as that Mr. Besso has retained, would understand filing a federal lawsuit naturally opens oneself up to the possibility of a counterclaim.

Further, Besso claims that the potential counterclaims that Defendants could bring are "baseless allegations;" however, he alleges no facts in his Amended Complaint to support his allegation that such potential counterclaims are baseless. ECF No. 38 at 14. As stated, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d at 993. Pre-suit, if the discussion of the mere prospect of bringing a counterclaim could be the basis of a retaliation claim, it would greatly impair parties' rights and access to courts. Given Besso's allegation that the potential counterclaims are meritless, some level of support beyond just a mere conclusory statement would be needed for such an argument to survive a motion to dismiss. That is missing here and Besso cannot defeat a motion to dismiss on his retaliation claim. *See generally* ECF Nos. 23, 38.

## CONCLUSION

Besso cannot make a prima facie case for retaliation at the motion to dismiss stage. A lawyer to lawyer "threat" of a potential counterclaim does not suffice to establish an adverse employment action. For these reasons and the reasons stated in this memorandum opinion, the Court **GRANTS** Defendants' Partial Motion to Dismiss (ECF No. 30) concerning Besso's retaliation claim.

**SO ORDERED** on this **16th day of February 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE