UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THOM BESSO,

   Plaintiff,

v.
                                **No. 4:23-cv-00906-P**

KEYCITY CAPITAL LLC, ET AL.,

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Defamation Claim for Lack of Subject Matter Jurisdiction, filed December 18, 2023. ECF No. 32. For the following reasons, the Court will **DENY** Defendants' Motion to Dismiss Plaintiff's Defamation Claim for Lack of Subject Matter Jurisdiction.

## BACKGROUND

Mr. Besso was employed at KeyCity beginning September 1, 2020, as a 1099 contractor. In November 2021, Besso's classification was then changed to a W-2 employee. Despite this change, his primary job duties and compensation remained the same.

In April 2022, Mr. Besso learned that his prostate cancer had relapsed, the treatment of which required a seven-week radiation treatment plan, which he completed in June 2022, and after which his cancer once again went into remission. In September 2022, Defendants' healthcare brokers informed them that their premiums would increase 29%, an increase the broker confirmed on October 20, 2022. Mr. Besso believes this is due to his expensive cancer treatment. On October 26, 2022, Mr. Besso's employment at KeyCity was terminated. Upon inquiring about the reason, Besso claims he was given two reasons

which he finds baseless and defamatory, and the real reason is due to his age and disability.

Mr. Besso sued both KeyCity and their CEO, Tie Lasater, in this Court on August 31, 2023. Besso amended his complaint on November 23, 2023, to bring claims of unpaid overtime compensation pursuant to the FLSA, damages for violations of the American with Disabilities Act and the Age Discrimination Employment Act, unlawful retaliation under 42 U.S.C. § 2000e-3, and defamatory statements.

In December 2023, Defendants filed two motions to dismiss, a motion to dismiss the retaliation claim and a motion to dismiss the defamation claim. The Parties fully briefed each Motion, the Court granted dismissal of Plaintiff's retaliation claim on February 16th. In this Memorandum Opinion, the Court takes up Defendants' Motion to Dismiss Besso's defamation claim.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power of the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Where the former is absent, defendants may move to dismiss under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

When evaluating subject-matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In doing so, the Court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023). Still, "the burden of proof

[is] on the party asserting jurisdiction." *McLin*, 79 F.4th at 415 (citing *Ramming*, 281 F.3d at 161).

## ANALYSIS

Defendants argue in their Motion to Dismiss that this Court should dismiss Plaintiff's defamation-based claim on the basis of lack of subject matter jurisdiction. *See* ECF No. 32 at 1. Specifically, Defendants allege that this Court does not have supplemental jurisdiction of the claim because it is not "part of the same case or controversy" as the FMLA, ADA, and ADEA claims which give this Court jurisdiction. *Id.* at 3–8. They further state in their reply briefing that even if the Court does find that the defamation claim is part of the same case or controversy, invoking supplemental jurisdiction would deprive Defendants of Texas' anti-SLAPP protections under the Texas Citizens Participation Act under the Texas Civil Practice and Remedies Code Chapter 27 ("TCPA"), a state law. *See* ECF No. 39 at 3–5. Since these are distinct reasons, the Court will first look at whether there the defamation claim is part of the same case or controversy as the claims that the Court does have jurisdiction over.

### A. Besso's defamation claim arises from the same common nucleus of operative fact as his ADA and ADEA claims.

Supplemental jurisdiction is proper when there is a "common nucleus of operative fact" between the federal claim and supplemental claim. *Whiting v. Univ. of So. Miss.*, 451 F.3d 339, 344 (5th Cir.2006); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (Where a case is before the court under federal question jurisdiction, pendent-claim jurisdiction over state law claims exists where there is a "common nucleus of operative fact."). Thus, supplemental jurisdiction is appropriate for matters that are incidental to other matters which are properly before a federal court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

Therefore, here, the dispositive question is whether there is a common nucleus of operative fact between either Besso's FMLA, ADA, or ADEA claims and his defamation claim. Though not directly related to Besso's FMLA claim, the Court agrees with Besso that his defamation claim arises from the same common nucleus of operative fact as his two

discrimination claims (ADA and ADEA) as they involve the same parties, events, and time period. *See* ECF No. 37 at 3. The basis of Besso's two discrimination claims is centered around the alleged adverse action of Mr. Besso's termination. *See* ECF No. 23 at 1. Meanwhile, his defamation claim is predicated on allegedly false statements that Mr. Besso was swimming in his underwear, hired bad candidates, and had high business expenses. *Id.* at 9–12. Plaintiff further believes that Defendants had been telling people these were the reasons he was terminated. *Id.* It appears both claims are centered directly on what caused Mr. Besso to be fired—whether it was for his disability or for the reasons Mr. Besso claims are defamatory. These are fact questions that will need to be resolved and certainly are derived from a common nucleus of operative fact, principally, Besso's termination.

Having found supplemental jurisdiction tying Besso's state law defamation claim to his ADA and ADEA claims, the Court now turns to whether it should exercise its discretionary, supplemental jurisdiction.

## B. The Court will exercise its discretionary supplemental jurisdiction over Besso's defamation claim.

In their reply brief, Defendants argue that even if the court finds a common nucleus of operative fact as required under 28 U.S.C. § 1367(a), the Court should decline to exercise its jurisdiction under 28 U.S.C. § 1367(c)(1) or (4), because the defamation claim raises a "novel or complex issue of state law." *See* ECF No. 39 at 3–4. Specifically, Defendants points to Texas's anti-SLAPP statute, the TCPA, which changes procedural standards for defamation claims pursuant to Texas law. *Id*. Defendants further correctly point out that the Fifth Circuit has held that Texas's anti-SLAP law framework does not apply in federal court because it imposes additional requirements beyond those found in the Federal rules of Civil Procedure. *See Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019). Therefore, since Defendants will not have the opportunity to put on a defense under the TCPA, Defendants ask the Court to decline to exercise supplemental jurisdiction on fairness grounds. *See* ECF No. 39 at 3–5. Defendants cite an out of district case, *Araguz v. Clinton*, to support this notion. 2019 WL 2438679 (S.D. Tex. May 1, 2019). However, *Araguz* was decided before *Klocke* and even

explains that part of the decision for remanding the case was due to "the fifth circuit ha[ving] not determined that the TCPA applies in federal court [or not]." 2019 WL 2438679 at *3. The Fifth Circuit resolved this issue a few months later in *Klocke* when it held that the TCPA does not apply in place of the Federal Rules of Civil Procedure. *Klocke,* 936 F.3d at 245.

The Court will not decline to exercise its jurisdiction over Besso's defamation claim. Besso has a right to have his claim heard among his other claim, as the court has found it may exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

## CONCLUSION

The Court finds that Besso's defamation claim shares a common nucleus of operative fact with his two discrimination claims under the ADA and ADEA. Accordingly, the Court will exercise its supplemental jurisdiction to hear the related state-law defamation claim. For these reasons and the reasons stated in this memorandum opinion, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Defamation Claim (ECF No. 32).

**SO ORDERED** on this **28th day of February 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

5